Filed: 7/22/2022 4:00 PM
White Circuit Court
White County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WHITE CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF WHITE | ) | CAUSE NO. 91C01-2111-CT-000036 |

BONNIE LANHAM,
GENEVIEVE WARREN, and
MEAGAN O'ROURKE

    VS.

JOHN DOE, INDIANA BEACH HOLDINGS LLC
and STORE MASTER FUNDING VIII, LLC

## THIRD AMENDED COMPLAINT FOR DAMAGES

    Comes now the plaintiffs, Bonnie Lanham Genevieve Warren, and Meagan O'Rourke, by counsel, Ken Nunn Law Office, and for cause of action against the defendants, John Doe, Indiana Beach Holdings, LLC and Store Master Funding VIII, LLC, allege and say:

    1.    That on or about July 3, 2021, the plaintiffs, Bonnie Lanham, Genevieve Warren, and Meagan O'Rourke, were guests at the Indiana Beach Boardwalk Resort located at 5224 East Indiana Beach Road in Monticello, White County, Indiana.

    2.    That on or about July 3, 2021, the plaintiffs, Bonnie Lanham and Genevieve Warren, suffered serious injuries when they fell while pushing Plaintiff's, Meagan O'Rourke, wheelchair up a very steep hill at said location, causing them to be drug down the hill while Plaintiff's, Bonnie Lanham, handicapped daughter, Megan O'Rourke, was ejected out of her wheelchair.

    3.    That the unknown defendant, John Doe, negligently failed to direct handicapped persons to a handicap accessible ramp or other egress or exit, and the unknown defendant, John Doe, negligently directed and/or helped Plaintiffs towards the hill where they ultimately fell.

    4.    That the unknown defendant, John Doe, was in the course of his employment for the defendants, Indiana Beach Holdings, LLC and Store Master Funding VIII, LLC.

    5.    That the defendants, Indiana Beach Holdings, LLC and Store Master Funding VIII, LLC, are liable for damages to plaintiffs for all negligent acts committed by their unknown employee, John Doe, in the course of his employment.

    6.    That it was the duty of the defendants to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiffs, or present an unreasonable risk of harm to plaintiffs in their lawful use of same.

Exhibit A

-2-

7.      That it was the duty of the defendants to exercise reasonable care to protect plaintiffs, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

8.      That it was the duty of the defendants to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiffs and free from defects and conditions rendering the premises unsafe.

9.      That it was the duty of the defendants to warn plaintiffs of the dangerous and unsafe condition existing on said premises.

10.     That the defendants knew or should have known of the unreasonable risk of danger to the plaintiffs but failed either to discover it or to correct it after discovery.

11.     That the fall and resultant permanent injuries of plaintiffs were caused by the negligence of the defendants who failed to utilize reasonable care in the inspection and maintenance of said premises.

12.     That the aforesaid acts of negligence on the part of the defendants were the proximate cause of the injuries sustained by the plaintiffs.

13.     That the plaintiffs have incurred medical expenses and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendants' negligence.

WHEREFORE, the plaintiffs demand judgment against the defendants for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE

BY:     *s/ Daniel Gore*
        Daniel Gore, #31322-53
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: dgore@kennunn.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been provided to opposing party or their counsel via the Court's electronic e-mail service and filing system this 22nd day of July, 2022.

Christopher P. Phillips
Phillips Law Office, P.C.
Christopher.phillipslaw@gmail.com

                              KEN NUNN LAW OFFICE

                  BY:    *s/ Daniel Gore*
                              Daniel Gore, #31322-53
                              KEN NUNN LAW OFFICE
                              104 South Franklin Road
                              Bloomington, IN  47404
                              Phone: (812) 332-9451
                              Fax: (812) 331-5321
                              E-mail: dgore@kennunn.com

Daniel Gore, #31322-53
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff

**Debbie Kirkpatrick**

| | |
|---|---|
| From: | Dan Gore <dgore@kennunn.com> |
| Sent: | Monday, May 8, 2023 3:39 PM |
| To: | Debbie Kirkpatrick |
| Cc: | Edward W. Hearn; Catherine A. Breitweiser-Hurst |
| Subject: | RE: Lanham v. Indiana Beach Holdings |

I cannot agree to a stipulation below 75k but have also not provided you with notice that I believe the case(s) are worth at least that amount.

Dan

Daniel Gore
Attorney at Law
Ken Nunn Law Office
104 S. Franklin Road
Bloomington, IN  47404
Phone: (812) 332-9451
Fax:   (812) 323-4778
Email:  dgore@kennunn.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Debbie Kirkpatrick <kirkpatrickd@jbltd.com>
**Sent:** Monday, May 8, 2023 4:37 PM
**To:** Dan Gore <dgore@kennunn.com>
**Cc:** Edward W. Hearn <hearne@jbltd.com>; Catherine A. Breitweiser-Hurst <breitweiserhurstc@jbltd.com>
**Subject:** Lanham v. Indiana Beach Holdings

Mr. Gore,

Please see attached correspondence regarding the above referenced matter.

Thank you.

Debbie Kirkpatrick, Legal Assistant



1

Exhibit B

11041 Broadway
Crown Point, IN 46307
T: (219) 791-1900 | F: (219) 791-1901
**D: (219) 791-1900**
kirkpatrickd@jbltd.com | www.johnsonandbell.com

_____

All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.