UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION at LAFAYETTE

| | | |
|---|---|---|
| BONNIE LANHAM, GENEVIEVE WARREN, and MEAGAN O'ROURKE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:23CV38-PPS/APR |
| JOHN DOE, INDIANA BEACH HOLDINGS LLC and STORE MASTER FUNDING VIII, LLC, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On July 3, 2021, Genevieve Warren visited Indiana Beach Boardwalk Resort in Monticello, Indiana, with Bonnie Lanham and Bonnie's daughter Meagan O'Rourke. Meagan, age 29, has mental and physical disabilities and uses a wheelchair. Despite a specific warning to the contrary, Lanham and Warren attempted to push the wheelchair on a very steep hill at the park, Lanham and Warren fell, and O'Rourke was ejected from the wheelchair. Pursuing a premises liability theory, plaintiffs seek damages for the alleged negligence of Indiana Beach Holdings LLC. Presently before me is Indiana Beach's motion for summary judgment.[1]

Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[1] Defendant Storemaster Funding VIII, LLC was dismissed in state court prior to the removal of the case. A John Doe defendant sued as an employee of Indiana Beach has never been identified. Plaintiffs' claim against John Doe individually has been dismissed without prejudice by separate order.

material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, not every dispute between the parties makes summary judgment inappropriate. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. The determination what material facts are undisputed is obviously critical in the summary judgment context, and the rule requires the parties to support facts, and disputes of fact, by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

In opposition, plaintiffs offer numerous citations to Indiana law to argue that summary judgment is rarely appropriate in negligence cases. But when a federal court considers a diversity case, federal procedural rules govern, and substantive questions are governed by Indiana law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Houben v. Telular Corp.*, 309 F.3d 1028, 1033 (7th Cir. 2002). In any event, plaintiffs' drumbeat contention that summary judgment is inappropriate in negligence cases is not always true. For example, the Indiana Supreme Court has affirmed summary judgment for the defendant

2

in a premises liability case where the customer/plaintiff lacked evidence to meet his burden of establishing the store's actual or constructive knowledge of the dangerous condition on its premises. *Griffin v. Menard, Inc.*, 175 N.E.3d 811, 812 (Ind. 2021).

## Summary Judgment Procedure

As of February 25, 2022, this court's local rule governing summary judgment procedure was amended. Failure to abide by the rules' requirements can have serious repercussions for a litigant. Because the rule has not been followed in this case, I take some time to discuss the most significant aspects of the local rule. This is not the first time I have done so. After their initial response to summary judgment was rejected for failing to comply with Local Rule 56-1, plaintiffs were granted a second opportunity to file a memorandum in opposition that complied with the local rule's requirements. [DE 25.] The order I issued at that time reviewed the most significant aspects of the revised Local Rule 56-1, which relate to the assertion of material facts and any genuine disputes of fact. [*Id.*] But Plaintiffs failed to heed the advice and their chance for a do-over.

Local Rule 56-1(a) previously required the party moving for summary judgment to include a "Statement of Material Facts." The revised Local Rule 56-1(a)(3) now requires that the Statement of Material Facts be formatted in a particular way, that is, with each asserted fact set forth in a separate numbered paragraph citing the evidence in support. The new rule was promulgated by our Local Rules Committee, and adopted by the court, to make the summary judgment procedure more streamlined to assist the court in identifying the facts that are genuinely in dispute. Indiana Beach has largely

3

complied with these requirements. [DE 22 at 2-4.] One deficiency of note is Indiana Beach's inclusion of several statements of what plaintiffs "have alleged." [DE 26 at 1, ¶¶1-3.] The fact that a party has alleged something is not ordinarily a material fact in and of itself.

For their part, plaintiffs have not complied with the rule's provisions applicable to a party opposing summary judgment. In a case where all parties are represented by counsel, an opposition to summary judgment is now required by Local Rule 56-1(b)(2) to reproduce the movant's Statement of Material Facts verbatim, indicating for each paragraph whether that party disputes the asserted fact. If a fact is disputed, the disputing party must include a citation to evidence of record supporting the dispute. L.R.Ind. 56-1(b)(2)(C). Instead of reproducing Indiana Beach's numbered list of facts verbatim, plaintiffs have sown confusion where clarity was required.

Plaintiffs have not, as the local rule requires, included "a correspondingly numbered response" indicating whether or not a particular statement is disputed. L.R. Ind. 56-(b)(2)(B). Instead, plaintiffs appear to have reproduced a number of Indiana Beach's statements of fact with no indication of their response, which I will take to signify that the facts asserted are undisputed. But in several instances, plaintiffs have interrupted Indiana Beach's enumeration of the factual statements by inserting additional numbered paragraphs indicating a dispute, presumably of the previous numbered paragraph although that is not clearly delineated. This throws off the subsequent numbering so that, for example, what Indiana Beach designated as

4

paragraph 5 is not "correspondingly numbered" but becomes paragraph 6 in plaintiffs' opposition. As the numbers get higher, the correspondence is thrown even more out of whack, until plaintiffs veer back and return again to Indiana Beach's numbering for the last several paragraphs, thereby creating a redundant second set of paragraph numbers 11, 12 and 13.

Unscrambling what plaintiffs intend by this messy statement of facts has been a nuisance that the local rule was intended to preclude. Only because the list of material facts is relatively short, and the apparent disputes of fact relatively few, I will not strike plaintiffs' opposition and require them to redo it (yet again) in compliance with Local Rule 56-1. Counsel are advised to study the new rule, an investment of time well spent, as it will help to avoid the rejection of non-complying summary judgment briefs in the future.

More substantively, plaintiffs' attempted disputes of fact are also deficient. In each of the three instances, plaintiffs provide their own assertions of fact rather than state a dispute with what Indiana Beach has asserted. [DE 26 at 2, ¶¶5, 7, 12.] Plaintiffs' contentions do not literally contradict Indiana Beach's preceding statement of material fact, but are more in the nature of additional material facts proposed by plaintiffs. Local Rule 56-1(b)(2)(D) contains provisions for an opposition's inclusion of a section titled "Additional Material Facts" with its own sequentially numbered paragraphs continuing the numbering of the movant's Statement of Material Facts. Plaintiffs have not followed this procedure. In its reply, Indiana Beach has responded to each of plaintiffs' purported

5

"disputes." Where plaintiffs' purported "disputes" do not in fact dispute what Indiana Beach has asserted and supported with evidence of record, I will consider Indiana Beach's assertions to be undisputed. I have considered each of plaintiffs' few asserted facts in view of the evidence cited in support and Indiana Beach's responses.

Plaintiffs make three sets of assertions offered as "disputes" of Indiana Beach's proffered material facts. [DE 26 at 2, ¶¶5, 7, 12.] Plaintiffs have not filed any evidence in connection with the summary judgment briefing. For each of their "disputes," portions of Bonnie Lanham's deposition are cited in support, some of which are in the record, having been filed by Indiana Beach. Plaintiffs also cite two pages of Lanham's deposition which are not in the record, and their own complaint, which is not evidence. [DE 26 at 2.] As Fed.R.Civ.P. 45(c)(3) provides, the court "need consider only the cited materials," and of course is unable to consider what is not in the record before it. *Grant*, 870 F.3d at 573 (7th Cir. 2017).

In the cited deposition testimony that is in the record, Lanham relates that a female security guard near the park entrance offered help in calming Meagan, who became agitated about crossing a bridge with water and boats going underneath it. [DE 22-2 at 7, ℓℓ. 4-20.] Lanham testified that the guard held Meagan's hand as the group crossed the bridge, and then said, "Okay you guys enjoy your day at the park." [*Id*. at 9, ll, 3-6.] Additional aspects of plaintiffs' three factual assertions are not supported by the deposition testimony they cite in the record, including that the security guard (whom plaintiffs refer to as "Unknown Defendant John Doe") was an employee of Indiana

6

Beach, and that the security guard "engaged and escorted" or "brought" the group to the ramp or hill where their accident took place. Plaintiffs are "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant*, 870 F.3d at 568, quoting *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (internal citation and quotation marks omitted).

## Undisputed Material Facts

For purposes of the present motion for summary judgment, the following facts are undisputed. On July 3, 2021, plaintiffs entered the Indiana Beach grounds at its south entrance, and followed a path that led to a bridge over water, which they traveled over before coming to the ramp that is the subject of the case. [DE 26 at 2, ¶¶4, 6.] The south entrance gate had visible signs posted on July 3, 2021 indicating: "This entrance is not wheelchair accessible. Please use north gate." [*Id.*, ¶6.]

Meagan O'Rourke, 29 years old, is mentally and physically handicapped, and uses a wheelchair. [*Id.*, ¶8.] As a result of O'Rourke's disabilities, according to her attorney she is unable to be deposed or provide testimony in this case. [*Id.*] A female security guard near the park entrance offered help in calming Meagan, who had become agitated about crossing the bridge with water and boats going underneath it. [DE 22-2 at 7, ℓℓ. 4-20.] Lanham testified that the guard held Meagan's hand as the group crossed the bridge, and then said, "Okay you guys enjoy your day at the park." [*Id.* at 9, ℓℓ. 3-6.]

7

Lanham and Warren both saw the descending ramp before they began rolling O'Rourke in the wheelchair onto and down the descending slope. [*Id.*, ¶9.] Lanham knew that taking her daughter down a slope in a wheelchair was unsafe, but she and Warren both decided "Let's try and do this." [*Id.*, ¶10, quoting DE 22-2 at 10, ℓℓ. 6-9 .] Upon seeing the steep slope, the plaintiffs did not seek out or inquire about an alternate route for disabled guests. [*Id.*, ¶11.]

At the entrance to the ramp, there was a visible sign present on July 3, 2021, that read: "This Ramp is Not Suitable for Wheel Chairs." [*Id.*, ¶13.] The signage also included a warning that the ramp was "Descending" and "Please Use Hand Rails." [DE 26 at 3, ¶11.] Lanham and Warren each took one handle of the wheelchair and started walking down the slope. [*Id.*, ¶12.] The denouement of the events is not addressed in Indiana Beach's motion, but for purposes of summary judgment I will assume that plaintiffs would offer evidence that Lanham and Warren lost control of the wheelchair on the ramp, and that all three women fell to the pavement. *See, e.g.,* DE 22-2 at 10, ℓℓ. 9-21.]

## Discussion

Under Indiana law, the essential elements of a claim for negligence are: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty, and (3) an injury proximately caused by the breach of duty. *Yost v. Wabash College*, 3 N.E.3d 509, 515 (Ind. 2014). The *Yost* case also provides well-established principles of premises liability on

8

which the parties agree.  [DE 22 at 6-7; DE 26 at 9.] Indiana has adopted §343 of the Restatement (Second) of Torts (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, **but only if**, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Yost*, 3 N.E.3d at 515, citing *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011) (emphasis added).

As many courts applying Indiana law have observed, negligence cannot be inferred from the mere fact of an accident.  *See, e.g., Weaver v. Speedway, LLC*, 28 F.4th 816, 824 (7th Cir. 2022); *Denson v. Estate of Dillard*, 116 N.E.3d 535, 539 (Ind.Ct.App. 2018); *Brown v. Buchmeier*, 944 N.E.2d 291, 294 (Ind.Ct.App. 2013); *Miklas v. Target Corporation*, No. 2:21-cv-46, 2023 WL 2016814, at *2 (N.D.Ind.  Feb. 15, 2023), quoting *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind.Ct.App. 1991).  "'Falling and injuring one's self proves nothing.  Such happenings are commonplace wherever humans go.'" *Miklas*, 2023 WL 2016814, at *2, quoting *Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E. 901, 903 (Ind.Ct.App. 1987).  *See also Scott Cty. Family YMCA, Inc. v. Hobbs*, 817 N.E.2d 603, 605 (Ind.Ct.App. 2004); *Wright Corp. v. Quack*, 526 N.E.2d 216, 218 (Ind.Ct.App. 1988).  To avoid summary judgment, plaintiffs have the burden of proving facts, or showing

9

reasonable inferences from facts, that could support a determination that defendant was negligent.

Under the applicable landowner standards, Indiana Beach owed no duty to protect plaintiffs from a condition that did not involve an unreasonable risk of harm and the dangers of which were known and obvious to plaintiffs. "Conditions posing only a reasonable risk of harm do not trigger a landowner's duty to protect and cannot support a finding of premises liability against a landowner." *Pickens v. Wal-Mart Stores E., LP*, No. 3:14-cv-318-CAN, 2015 WL 4997064, at *6 (N.D.Ind. Aug. 20, 2015). Even in a case involving an unreasonable risk from a condition of the land, "a landowner may still avoid liability for physical harm to an invitee caused 'by any activity or condition on the land whose danger is known or obvious to [the invitee], unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Salisbury v. Kroger Ltd. Partnership I*, No. 1:20-cv-00987-TWP-MG, 2021 WL 4895327, *6 (S.D.Ind. Oct. 20, 2021), quoting *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990).

The dangers of navigating a person in a wheelchair down a ramp are open and obvious. In addition, the ramp in question bore a sign explicitly warning that it was not suitable for wheelchairs. Plaintiffs chose to attempt the descent regardless. Lanham and Warren's dangerous conduct was the proximate cause of their injuries.

Plaintiffs argue that the question of obviousness is one for the trier of fact, but cite no authority in support of the categorical statement. [DE 26 at 10, 13.] Plaintiffs argue that defendants must establish plaintiffs' subjective awareness of the danger, "not

10

merely the underlying instrumentality of that danger." [DE 26 at 10.] As I've already found, however, plaintiffs failed to dispute Indiana Beach's assertion that "Lanham knew that taking her daughter down a hill in a wheelchair was unsafe, however, decided 'Let's try and do this.'" [DE 26 at 2, ¶10.] The deposition excerpt Indiana Beach has cited in support includes Lanham's testimony that when they saw the "steep hill" in front of them, she said "Okay. What do we do?," and she and Warren looked at each other and "both said, "Well, let's – Okay. Let's try and do this." [DE 22-2 at 10, ℓℓ. 3-9.] This testimony indicates a subjective appreciation of the danger of navigating the "[v]ery steep hill" with O'Rourke in a wheelchair but a decision to take the risk and attempt the descent anyway. [DE 22-2 at 10, ℓ. 25.] Lanham later testified that she had "reason to believe" that the hill they saw in front of them was "unsafe for [her] daughter." [*Id.* at 13, ℓℓ. 2-7.]

As I have already found, to the extent plaintiffs rely on their assertion that an Indiana Beach employee "engaged and walked Plaintiffs to the subject ramp/hill," they have failed to adduce admissible evidence supporting the factual claim. As I mentioned, plaintiffs filed no evidence with their opposition to summary judgment, instead relying solely on the record Indiana Beach had made. [DE 26.] Plaintiffs have adduced no evidence of who the "Unknown Defendant John Doe" was or that s/he was an employee of Indiana Beach.[2] Plaintiffs cite to pages of Lanham's deposition that have not been

---

[2] The portions of Lanham's deposition testimony filed by Indiana Beach refer to a "security guard lady" but in their filings plaintiffs persist in using the male "John Doe." [DE 22-2 at 7, ℓℓ. 10-14.]

11

made part of the record, and the portions they cite which are in the record do not support the claim that John Doe brought plaintiffs all the way to the ramp where their fall occurred. Instead, Lanham's testimony of record was that they encountered the security guard "right there by the entrance" [DE 22-2 at 7, ℓℓ. 19-20], and that the guard parted from them when they got to the other side of the bridge near the entrance. [DE 22-2 at 9, ℓℓ. 3-6.] After the security guard's departure, the plaintiffs "start[ed] walking" and came to the "steep hill." [DE 22-2 at 10, ℓℓ.1-5.] Plaintiffs have simply not provided any evidence that could demonstrate the security guard, even if s/he acted on behalf of Indiana Beach, brought the plaintiffs to the brink of the steep hill and left them there to fend for themselves.

This lack of relevant evidence also defeats plaintiff's contention that by "the conduct of the unknown Defendant John Doe" Indiana Beach gratuitously assumed a duty of care for O'Rourke. [DE 26 at 11.] Even assuming that the security guard's speech or conduct is attributable to Indiana Beach, the summary judgment record merely reflects that she offered a calming hand to O'Rourke as the plaintiffs made their way across a bridge at the park's entrance, and told plaintiffs to enjoy their day at the park. The evidence does not support a finding that the guard escorted the group to the ramp where the fall occurred, or that the guard otherwise undertook any responsibility for plaintiffs' safe navigation of the park grounds. Even the assistance the security guard is said to have provided was not a matter of physical safety but of emotional calm which, though not insignificant, cannot reasonably be expanded to encompass the former.

Under Indiana common law, courts only "cautiously" impose duties of care found to have been gratuitously assumed on the basis of conduct. *Doe #1 v. Ind. Dep't of Child Services*, 81 N.E.3d 199, 205 (Ind. 2017). "The assumption of such a duty requires affirmative, deliberate conduct." *Yost*, 3 N.E.3d at 517. "Where 'the record contains insufficient evidence to establish such a duty, the court will decide the issue as a matter of law.'" *Id.*, quoting *Delta Tau Delta, Beta Alpha Chapter v. Johnson*, 712 N.E.2d 968, 975 (Ind.1999) (abrogated on other grounds by *Rogers v. Martin*, 63 N.E.3d 316 (Ind. 2016)). The applicable test, which the Indiana Supreme Court has described as "demanding," is found in §42 of the Restatement (Third) of Torts, and "requires a specific 'undertaking'":

> An actor who undertakes to render services to another and who knows or should know that the services will reduce the risk of physical harm to the other has a duty of reasonable care to the other in conducting the undertaking if:
> (a) the failure to exercise such care increases the risk of harm beyond that which existed without the undertaking, or
> (b) the person to whom the services are rendered or another relies on the actor's exercising reasonable care in the undertaking.

*Doe #1*, 81 N.E.3d at 205.

For multiple reasons, plaintiffs fail to make a plausible case for meeting this demanding test. The evidentiary record is insufficient to attribute to Indiana Beach any speech or conduct by the unnamed John Doe. The evidence of record does not support a conclusion that John Doe undertook to render services to O'Rourke that would reduce the risk of physical harm to her. Even on Lanham's telling, Lanham pushed the wheelchair over the bridge while the security guard at most held O'Rourke's hand. [DE 22-2 at 8-9, ℓ.21- ℓ.1.] The summary judgment record does not support a finding that the

13

guard escorted plaintiffs further into the park, including to the slope that proved dangerous for them. There is no evidence that by her conduct, the guard undertook to safeguard O'Rourke's physical safety at all, much less did so in connection with the steep slope that the evidence does not show she approached with the plaintiffs. Nor is any conduct by the guard shown to have increased the risk of harm to plaintiffs from the steep ramp beyond that which existed without the guard's assistance, and of which Indiana Beach warned plaintiffs by the signs prominently posted there. Plaintiffs also make no showing that they relied on the guard's conduct in any way when deciding to negotiate the ramp with O'Rourke in the wheelchair. As a matter of law, I conclude that plaintiffs cannot avoid summary judgment on the basis of any gratuitous assumption of a duty of care by Indiana Beach.

Ironically, plaintiffs cite *Pere Marquette R. Co. v. Strange*, 84 N.E. 819 (Ind. 1908), in support of their argument for a gratuitous assumption of duty, but none was found in that case. Despite the argument of appellee's counsel quoted by plaintiffs here, the Indiana Supreme Court reversed the verdict in favor of the man who, after exiting his train, was struck by a train as he crossed tracks in the dark. The court noted that "[a]ppellee knew the night was dark and that there might be danger, but had asked no one for instructions or directions." *Id*. at 821. He was also "a man of mature years, in good health, and in the full enjoyment of all his faculties, and had had considerable experience in traveling." *Id*. at 823. Rejecting the assertion that the railroad negligently failed to guide the man to his next train, the Indiana Supreme Court held that "[a]n

14

affirmance of a recovery upon these facts would relieve and excuse passengers of any concern and care for their own safety[.]" *Id*. at 824.  Similar circumstances are presented here, where Indiana Beach observes that plaintiffs Lanham and Warren "were of mature years, in full enjoyment of their faculties as college-educated women, and were experienced in traveling with Plaintiff O'Rourke in a wheelchair," and also "did not ask anyone at the park for information or guidance prior to walking down the ramp," which presented an obvious danger to navigation with a wheelchair.  [DE 27 at 10.]

## Conclusion

Plaintiffs have failed to "identify specific, admissible evidence showing that there is a genuine dispute of material fact for trial."  *Grant*, at 870 F.3d at 568. On the undisputed facts, no liability for negligence can attach here, where the danger that resulted in harm to the plaintiffs was obvious to any reasonable person, where Indiana Beach had nonetheless specifically warned of the danger, and where plaintiffs knowingly undertook the dangerous conduct that resulting in their injuries.  As a matter of law, Indiana Beach bears no premises liability because plaintiffs are unable to demonstrate that there existed an unreasonable risk of harm, that plaintiffs could not be expected to realize the danger or protect themselves from it, or that Indiana Beach failed to exercise reasonable care to protect them from the danger.  Summary judgment is warranted in favor of Indiana Beach.

**ACCORDINGLY:**

Defendant Indiana Beach Holdings LLC's Motion for Summary Judgment [DE 21] is GRANTED.

In view of the recent dismissal of plaintiffs' claim against defendant John Doe [DE 31], and this disposition of plaintiffs' claim against defendant Indiana Beach by way of summary judgment, this action is CLOSED.

**SO ORDERED**.

ENTERED: February 27, 2024.

          /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**